## S. GILLETT & Co. v. ELIZABETH DERANCO and Husband.

Where the dowry of the wife has not been paid in the presence of the notary, she must prove, as against third persons, that it was actually received. The receipt of the husband is not to be entirely disregarded, but is not proof of the fact, unless supported by other circumstances.

Where the existence of paraphernal property has been shown, a receipt for it, given by the husband, in the absence of all interested or reasonable motive to misrepresent the facts, will be entitled to full faith.

Where the administration of the wife's paraphernal estate is entrusted to the husband, he is responsible for the value, if it should be alienated during the marriage, unless it be shown that it was applied to her benefit; and it will be presumed, that the husband administered the paraphernal property, unless the contrary be showm.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Benjamin* and *Micou*, for plaintiffs. *L. Castera*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiffs allege, that being judgment creditors of *Charles Deranco*, they caused a lot of ground, in which he had a seven-eighth interest,

to be seized under execution and advertised for sale; and that it was appraised at the sum of $1500; but that it could not be sold, on account of the mortgages recorded against *Deranco*, in favor of his wife, the defendant in this suit, upon which she claims a balance of about $1850. They aver, that these mortgages, which are particularly described in the petition, have no existence; and pray, that they may be canceled from the records of the office of mortgages, and that the property seized be decreed to be sold free from them.

The defendant pleaded the general issue, alleged this proceeding to be malicious and libelous, and asked damages in reconvention.

On the first trial in the district court, there was judgment dismissing the petition and the claim in reconvention. On appeal, the case was remanded, for the purpose of having the obscurity, which resulted from there being in the record only abstracts of notarial acts, removed.

On the second trial, the district judge took uncommon pains to examine the originals; and, with a thorough knowledge of the facts, rendered the same judgment. The plaintiffs have appealed.

The defendant claims a legal mortgage to the amount of $1850. The plaintiffs concede, that she has such a mortgage for $369 83; it is, therefore, only necessary to inquire, whether the balance of $1499 17, claimed by her, is due on any of the contested mortgages. The oldest of these mortgages is one for $1551 15, which, if due, more than covers this difference. The origin of this mortgage is stated as follows, by the plaintiffs' counsel, in his brief: The succession of *Christopher Nagel*, of which *Mrs. Deranco* was one of the heirs, was sold at public auction, for a partition. *Charles Deranco*, the husband of the defendant, purchased lots and slaves to the amount of $20,710. His wife was an heir for one-eighth of the estate. It was considered illegal that her interest should pass to her husband, and he consequently settled with the other heirs for their seven-eighths, she retaining her one-eighth interest as owner. This settlement appears by an act of partition, bearing date the 16th May, 1835. On the 4th of November, 1835, *Deranco* and wife sold to *Madame Veuve Nagel* all the property which *Deranco* had purchased at the succession sale, and for precisely the same price. In the act of sale, *Deranco* acknowledged to have received from the purchaser $2588 75, for his wife's share in the property. This is the origin of the mortgage claimed, the amount of which was reduced to the sum of $1551 25, by an act bearing date the 23d May, 1838, in which *Mrs. Nagel* re-transferred to the vendors the property seized by the plaintiffs: and *Mrs. Deranco* agreed to take back her one-eighth interest in the property, instead of the price.

It is urged, on behalf of the plaintiffs, that the mere acknowledgment of the husband, of the receipt of money belonging to his wife, does not make proof against creditors; and the case of *Dimitry v. Pollock*, 12 L. R. 296, is relied on in support of that position. The case of *Dimitry* was decided on the authority of *Buisson* v. *Thompson*, 7 N. S. 460. Both had exclusive reference to the evidence required to establish the receipt of the dower by the husband, adversely to creditors; and Judge Martin, who delivered both opinions, took care not to extend the rule beyond cases of dowry. The authority from the Spanish law, on which he relied in *Buisson's* case, went no further. Febrero, lib. 3, c. 3, parag. 2, No. 158. In the case of *Buisson*, the wife had settled the dowry upon herself; and the husband had acknowledged the receipt of it, out of the presence of the notary, in the marriage contract. Neither in this nor in the case of *Dimitry*, was the origin of the dowry proved. These decisions were undoubtedly correct. The

dowry has no previous existence. The settlement of it may be considered as a donation made to the husband, on certain conditions, and for specific purposes; and where it has not been paid in presence of the notary, the wife should be made to prove that it was actually received. But even in cases of dowry, the receipt of the husband is not entirely disregarded. The true principle settled in *Buisson's* case, as recognized in *Beard* v. *Bijeaux*, 8 N. S. 463, is, that the receipt from the husband to the wife, admitting the receipts of money, do not make evidence against third persons not parties to them, unless supported by other circumstances.

If it was shown, for instance, that the husband had no means at the time of his marriage; and that, immediately after the celebration of it, he had invested, in real estate, a sum of money equal to that which he had acknowledged to have received as the dower of his wife, his receipt in the marriage contract, supported by that circumstance, would amount to conclusive proof. Many other circumstances might occur, which would verify the receipt of the husband for the dower; but it must be observed, that there are, in relation to paraphernal property, elements of truth and certainty, which seldom exist with respect to the *dot.* Paraphernal property has a distinct existence, before it comes to the possession of the husband; and when its existence is once established in the hands of a third person, the extreme improbability that the husband would acknowledge to have received it, when he had not, and the absence of all interested or reasonable motive to do so, entitle his receipt to full faith.

The receipt, in this case, was signed by *Deranco* and his wife; and *Deranco* acknowledged therein, that he held the amount, and was responsible for it. This declaration was not even necessary to charge him. In the case of *Degruy* v. *S. Pe's Creditors.* 4 N. S. 408, the husband and wife had joined in a sale of paraphernal property, and had acknowledged the receipt of the price together. After the failure of the husband, the wife claimed the price thus received, as a mortgage creditor, on the ground, that if the husband and wife join in selling paraphernal property, the price is presumed to have been received by the husband. The court, in that case, held, under another principle of the Spanish law, limiting the rule upon which the plaintiffs' counsel relies, that where the administration of the wife's paraphernal estate is entrusted to the husband, he is responsible for the value, if it should be alienated during marriage, unless it be shown that the price was applied to her benefit; that the presumption was, that the husband had received the price; and that the burden of proving, that the wife administered her paraphernal estate, was thrown upon the creditors who claimed adversely to her.

We are not aware, that the code has made any change in the law; and under the belief that it had not, we applied the same principle, in the case of *Vitrac* v. *Rey, Curator,* 2d Ann. 821.

The origin and amount of the defendant's claim are abundantly shown. The receipt of her husband was given, not to herself, but to her mother, who had purchased her share in the succession of her father. It is not shown, that the defendant had the administration of her paraphernal estate, or that the sum named in the receipt has been applied to her benefit for things which her husband was not bound to furnish her. Under that state of facts, the evidence is, in our opinion, conclusive.

It has been urged, that the sale from *Deranco* and wife to *Mrs. Nagel,* was not a serious contract. But on this point, as on the sufficiency of the proof of the defendant's claim, the district judge considered the case too plain for an

appeal; and we cannot say that he erred. The evidence in the record is totally insufficient to prove the simulation alleged; nor have proper parties been made for such an issue.

The defendant having shown mortgage claims to the full amount alleged by her, it is clear that this action cannot be maintained.

The judgment is therefore affirmed, with costs.